UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MAX FELIX, )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>MICHAEL W. MORRISSEY, et al., )<br>)<br>Defendants. )<br>) | Case No. 23-cv-12238-DJC |

MEMORANDUM AND ORDER

**CASPER, J.**                                                                                               January 8, 2025

## I.     Introduction

Plaintiff Max Felix, proceeding *pro se*, filed this lawsuit against Defendants John Bringardner, David Murphy, Brian Howard, Anthony Marag, Jason Fischer (collectively, the "Randolph Defendants") and the Town of Randolph (the "Town"), alleging violations of his constitutional rights for wrongful arrests and prosecutions. D. 1. The Randolph Defendants and the Town have moved for judgment on the pleadings. D. 36. Felix has moved for a cease and desist order, D. 45, and has moved for oral argument on the Randolph Defendants' motion, D. 46. Having considered the parties' filings, and for the reasons stated below, the Court ALLOWS the Randolph Defendants' and the Town's motion for judgment on the pleadings, D. 36, and DENIES Felix's motions, D. 45, D. 46.

## II.    Standard of Review

Rule 12(c) allows a party to move for judgment on the pleadings at any time "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) is "ordinarily accorded much the same

1

treatment" as a Rule 12(b)(6) motion. Aponte-Torres v. Univ. of P.R., 445 F.3d 50, 54 (1st Cir. 2006). To survive a motion for judgment on the pleadings, therefore, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Because a motion for judgment on the pleadings "calls for an assessment of the merits of the case at an embryonic stage," the Court "view[s] the facts contained in the pleadings in the light most favorable to the nonmovant and draw[s] all reasonable inferences therefrom" in his favor. Pérez-Acevedo v. Rivero-Cubano, 520 F.3d 26, 29 (1st Cir. 2008) (internal quotation marks and citation omitted).

On a Rule 12(c) motion, unlike a Rule 12(b) motion, the Court considers the pleadings as a whole, including the answer. See Aponte-Torres, 445 F.3d at 54–55. Those assertions in the answer that have not been denied and do not conflict with the assertions in the complaint are taken as true. See Santiago v. Bloise, 741 F. Supp. 2d 357, 360 (D. Mass. 2010). In addition, "[t]he court may supplement the facts contained in the pleadings by considering documents fairly incorporated therein and facts susceptible to judicial notice." R.G. Fin. Corp. v. Vergara-Nuñez, 446 F.3d 178, 182 (1st Cir. 2006). Still, "[l]ike Rule 12(b)(6), Rule 12(c) does not allow for any resolution of contested facts; rather, a court may enter judgment on the pleadings only if the uncontested and properly considered facts conclusively establish the movant's entitlement to a favorable judgment." Aponte-Torres, 445 F.3d at 54.

### III. Factual Background

Unless otherwise indicated, the following summary is based on allegations in Felix's complaint, D. 1. These allegations are accepted as true for the purposes of resolving the motion for judgment on the pleadings.

The Norfolk County District Attorney's office prosecuted Felix in 2011 and 2012 relating to arrests in 2009 and 2010 for criminal charges that were cited by Randolph police officer, Kevin

Donnelly ("Donnelly").  D. 1 ¶¶ 1-6; see D. 37 at 1-2.  Detective Bringardner allegedly "verified Felix's whereabouts during a crime he was unjustly suspected of committing," but "failed to document or file a report on [his] finding."  D. 1 ¶ 18.  Felix was found not guilty following both the criminal trials.  See id. ¶ 13; D. 37 at 2.  Felix subsequently brought a civil complaint in 2012 against Donnelly and the Town of Randolph and members of the Randolph Police Department alleging numerous violations, including violations of section 1983 and emotional distress relating to his previous criminal charges.[1]  D. 1 ¶¶ 13-14, 16; see D. 37 at 2-3.  In 2017, a jury found Donnelly had violated Felix's rights and awarded Felix damages in the amount of $95,001.  D. 1 ¶¶ 13, 16; D. 37 at 3.  In November 2017, the Randolph Town Manager "vilified" Felix in a front-page news article that "[left] him no path to clearing his name again."  See id. ¶ 16 (alleging that Murphy slandered the plaintiff to "justify" Donnelly's conduct).

Felix claims that his redress for Donnelly's actions were denied in 2009 and have been again denied as of June 2023 when he attempted to speak with Randolph Town Manager, Brian Howard, who allegedly "lied about changes that were made since the civil rights violations conducted by the Town of Randolph in 2017."  Id. ¶¶ 17, 20.  At some point, Felix also tried to speak with Detective Sergeant Jason Fischer and left him several voicemails and received no response.  Id. ¶ 12.  Felix also allegedly spoke with Randolph police officers who stated that Donnelly's conduct was "just" and there was probable cause for the prior criminal charges.  Id. ¶ 14.  Felix alleges that as a result of the Randolph Defendants' and the Town's actions that he has suffered "emotional distress and other damages for his loss of reputation, shame, mortification,

---

[1] The Court takes judicial notice of Felix v. Town of Randolph, No. 12-cv-10997-GAO, 2013 WL 3830840, at *4 (D. Mass. July 22, 2013) in which Felix brought similar claims against the Town arising out of the 2009 and 2010 incidents based upon Donnelly's conduct including malicious prosecution claims.

3

hurt feelings, loss of consortium and emotional anguish" and seeks compensatory and punitive damages. Id. ¶¶ 24, 25.

## IV. Procedural History

On September 29, 2023, Felix instituted this action against Defendants. D. 1. On January 16, 2024, Defendants Michael W. Morrissey, the District Attorney of Norfolk County, Assistant District Attorney Michael McGee, and Assistant District Attorney Danielle Piccarini (collectively, the "DA Defendants") moved to dismiss. D. 20. On June 5, 2024, the Court heard the parties on the DA Defendants' motion to dismiss, D. 29. On August 22, 2024, this Court granted the DA Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), concluding that Felix's claims were untimely, and the complaint otherwise failed to state a claim, and the DA Defendants were entitled to sovereign immunity. D. 30.

On October 16, 2024, the Randolph Defendants and the Town moved for judgment on the pleadings. D. 36. On November 12, 2024, Felix moved for sanctions and an order requesting the Town "immediately cease and desist from making defamatory and disparaging statements regarding Plaintiff's character, conduct and reputation" and to stop defending Officer Donnelly, D. 39, and for a motion to take the deposition of John Bringardner. D. 40. On November 20, 2024, this Court denied the motion for sanctions, holding that Felix had not identified any sanctionable conduct, D. 43. This Court further ordered a stay of discovery until the resolution of the motion for judgment on the pleadings and, accordingly, denied the motion to compel the deposition of John Bringardner. D. 44. That same day, Felix filed a motion for preliminary injunction and new order for the Town to cease and desist from making defamatory statements,[2]

---

[2] Felix's motion styled as a preliminary injunction and seeking an order for the Town to cease and desist from making defamatory statements, D. 45, appears to be substantively the same motion Felix previously filed styled as a motion for seeking sanctions, D. 39, that this Court has

D. 45, and a motion for oral argument on the pending motion for judgment on the pleadings. D. 46.

V.    **Discussion**

As an initial matter, Felix has not clearly delineated his causes of action against the Randolph Defendants and the Town. It appears from the complaint that he is asserting a violation of 42 U.S.C. § 1983 against the Randolph Defendants for malicious prosecution relating to the 2011 and 2012 prosecutions because he alleges that they "acted without probable cause, refrained from looking at other possible suspects," failed to provide redress for Donnelly's conduct and conspired to violate his constitutional rights[3] as well as a Monell claim under 42 U.S.C. § 1983 against the Town predicated on the same misconduct. See D. 1 ¶¶ 1, 4-10, 13-14, 16-18, 20; see D. 38 at 2-6. The Randolph Defendants and the Town argue that Felix's claims against them are barred because they are untimely, any recent allegations fail to state a claim for relief, and Felix cannot establish a § 1983 Monell claim against the Town. See D. 37 at 5-7.

A.    **Felix's Claims are Untimely**

The Court agrees that Felix's claims are untimely. Section 1983 imposes liability on "[e]very person who, under color of any statute" subjects any citizen of the United States to be deprived "of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. For assessing the timeliness of § 1983 claims, "federal courts borrow the most closely analogous state statute of limitations, which in Massachusetts is three years." DuBois v. Alves, No. 22-cv-11203-RGS, 2023 WL 3061401, at *5 (D. Mass. Apr. 24, 2023); see Mass. Gen. L. c.

---

already considered and denied. D. 43. The Court, therefore, denies this motion, D. 45, for the same reasons already stated in D. 43.

[3] In his opposition, Felix appears to suggest that he is bringing the conspiracy claim pursuant to 42 U.S.C. § 1985 against the Randolph police officer defendants, Bringardner, Marag and Fischer. See D. 38 at 5.

260 § 2A (providing that "[e]xcept as otherwise provided, actions of tort. . . shall be commenced only within three years next after the cause of action accrues"). A claim for malicious prosecution "does not accrue until the termination of the criminal proceeding," Nieves v. McSweeney, 241 F.3d 46, 53 (1st Cir. 2001) (citing Heck v. Humphrey, 512 U.S. 477, 484 (1994)). Here, even under the most charitable reading of the complaint, the latest that the claims accrued are the termination of the 2011 and 2012 trials. D. 1 ¶¶ 1, 3-6 ; see D. 38 at 4 (confirming that the "criminal trials were held in November 2011 and May 2012"). As Felix filed his complaint on September 29, 2023, D. 1, the § 1983 claims for malicious prosecution are barred by the statute of limitations.[4]

Moreover, although Felix does not identify whether he is bringing claims against the Randolph Defendants in their official or individual capacities, as pled, the claims against the individual defendants are untimely. See D. 1; D. 37 at 3 n.1. To determine whether a suit is being brought against a defendant in his personal or official capacity, courts look to "the complaint or, if not clearly specified in the complaint, by the 'course of proceedings.'" Asociacion de

---

[4] To the extent Felix is asserting a conspiracy claim pursuant to 42 U.S.C. § 1985 that claim is also untimely. See D. 38 at 5. "A cause of action under section 1985 exists when there are two or more persons who conspire for the purpose of depriving, directly or indirectly, any person or class of persons of the equal protection of the laws or of equal privileges and immunities under the law." Frei v. Town of Holland, No. 18-cv-30187-MGM, 2020 WL 10965661, at *10 (D. Mass. July 23, 2020), aff'd, No. 21-1692, 2022 WL 19000099 (1st Cir. Sept. 21, 2022) (noting that injury from a conspiracy flows from "overt acts" and not from the mere continuation of the conspiracy) (internal citation omitted). Like a claim under § 1983, a § 1985 claim borrows from the state's three-year statute of limitations under Mass. Gen. L. c. 260 § 2A. See id. Here, the same timeliness analysis applies as the alleged overt acts underlying Felix's claims for conspiracy relate to the § 1983 claims concerning the criminal proceedings that ended in 2011 and 2012, see D. 1 ¶ 6 (alleging "defendants engaged in dishonest means to secure a conviction . . . in furtherance of a conspiracy to violate [Felix's constitutional rights]"). Accordingly, any claim under § 1985 is similarly time-barred. See Nieves v. McSweeney, 73 F. Supp. 2d 98, 102 n.4 (concluding that the court's analysis of the statute of limitations under plaintiffs' Section 1983 claims applies equally to plaintiffs' Section 1985 claims because the alleged deprivation of rights are the same and therefore "plaintiffs' claims under Section 1985 fail for the same reasons as does their claims under Section 1983—they have not alleged an injury or deprivation actionable under Section 1985 that is not barred by the statute of limitations"); see also Felix, 2013 WL 3830840, at *4.

Subscipcion Conjunta del Seguro de Responsibilidad Obligatorio v. Flores Galarza, 484 F.3d 1, 26 (1st Cir. 2007) (internal citation omitted).  Here, as per the complaint, the allegations point to official government actions Randolph police officers, Bringardner, Fischer and Marag, took while investigating the criminal complaints that lead to the criminal proceedings in 2011 and 2012, and statements by Town officials, Howard and Murphy, concerning these proceedings.  See D. 1 ¶¶ 1, 4-6, 10-13, 16-18, 20.  As discussed above, those actions would all be barred by the statute of limitations.  To the extent Felix's allegations apply to the Randolph Defendants in their individual capacities, those actions are similarly time-barred.  For example, the allegations that the Town Manager "vilified" Felix in 2017, id. ¶ 13, are also untimely.  Accordingly, for all these reasons, judgment on the pleadings is appropriate.

        **B.**        **Felix's Allegations Relating to Recent Conduct Fails to State a Claim**

To the extent Felix alleges more recent conduct in 2023, those allegations are conclusory and do not save his complaint.  The complaint alleges that the "unconstitutional denial of redress has occurred as recent as June 2023," and "in 2023 his ability to redress concerning matters were actively blocked by sergeants of [the] Randolph police department again in a dismissive manner."  See D. 1 ¶¶ 11, 17.  A plaintiff seeking to bring a malicious prosecution claim under § 1983 "must show a deprivation of a federally-protected right."  Nieves, 241 F.3d at 53 (noting that such showing must be made "to transform [a common-law cause of action for] malicious prosecution into a claim cognizable under section 1983").  Here, Felix's allegations are conclusory and do not distinguish which Randolph Defendants are implicated and his references to "redress" does not identify the constitutional deprivation or wrongdoing to plead a plausible § 1983 claim.  See id., 241 F.3d at 57 (holding that "in the absence of an anchoring constitutional violation, the appellants' section 1983 malicious prosecution claim topples").  For example, although Felix alleges that he had a phone conversation with Detective Fischer and did not receive a response, Felix does not

allege any time period for when this conversation took place. See D. 1 ¶ 12. Although Felix does identify a conversation he had with Town manager, Howard, in June 2023 in which he attempted to address his concerns related to "civil rights violations conducted by the Town of Randolph in 2017," id. ¶ 20, and alleges that Howard "lied" about changes made since those civil rights violations in 2017, id., again, Felix fails to assert any specific basis for a violation of a constitutional right.

### C. Felix Has Not Plausibly Alleged a Monell Violation Against the Town

Even assuming *arguendo* that Felix's claims were timely, to the extent Felix is seeking municipality liability against the Town, Felix's allegations, as pled, are also insufficient to establish a Monell violation against the Town. Although "[a] municipality cannot be held liable under § 1983 on a *respondeat superior* theory," § 1983 does impose "liability on a government that, under color of some official policy, causes an employee to violate another's constitutional rights." Monell v. Dep't of Soc. Servs. of the City of N.Y., 436 U.S. 658, 691–92 (1978) (internal quotation marks and citation omitted). Felix must show that a municipal "policy" or "custom" is the "moving force [behind] the constitutional violation." City of Canton v. Harris, 489 U.S. 378, 389 (1989) (quoting Monell, 436 U.S. at 694). Felix must, therefore, allege "both the existence of a policy . . . and a causal link between that policy and the constitutional harm." Wood v. City of Haverhill, No. 23-cv-12377-JEK, 2024 WL 4189932, at *11 (D. Mass. Sept. 13, 2024) (quoting Santiago v. Fenton, 891 F.2d 373, 381 (1st Cir. 1989)). A municipality's failure to train or supervise its officers may amount to a "policy or custom" for purposes of § 1983 liability only where the inadequate training shows "deliberate indifference to the rights of persons with whom the police come into contact." Canton, 489 U.S. at 388-89. "[D]eliberate indifference is a stringent standard of fault," such that "[a] showing of simple or even heightened negligence will not suffice." Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown, 520 U.S. 397, 407, 410 (1997) (internal

8

quotation marks and citation omitted). A city may be deemed deliberately indifferent when it is "on actual or constructive notice that a particular omission in [its] training program causes [officers] to violate citizens' constitutional rights" and fails to properly respond, either by providing appropriate training or through disciplinary action. Connick v. Thompson, 563 U.S. 51, 61 (2011). "A pattern of similar constitutional violations by untrained [officers] is ordinarily necessary to demonstrate deliberate indifference for purposes of failure to train." Id. at 62 (internal quotation marks and citation omitted). Further, to place the municipality on actual or constructive notice of the lack of training or the inadequacy of the training, the pattern of prior constitutional violations must be similar to those at issue in this case. See id. at 62.

Here, Felix has failed to allege the existence of an official unconstitutional custom or policy by the Town to wrongfully prosecute citizens and failure to properly investigate. See generally D. 1. Although Felix cites his two incidents in 2009 and 2010 both involving the same officer, Donnelly, D. 1 ¶¶ 1, 4, 13; D. 38 at 3, "[t]hat a particular officer may be unsatisfactorily trained will not alone suffice to fasten liability on the city, for the officer's shortcomings may have resulted from factors other than a faulty training program." Canton, 489 U.S. at 390–91; see Wilson v. Town of Fairhaven, No. 18-cv-11099-PBS, 2019 WL 1757780, at *14 (D. Mass. Mar. 4, 2019) (dismissing Monell claim because "simply showing that an individual police officer received inadequate training is not sufficient to attach liability against the municipality"), report and recommendation adopted, No. 18-cv-11099, 2019 WL 1760591 (D. Mass. Mar. 19, 2019). That is, there are no allegations that there has been a pattern of enforcement of an unconstitutional policy, pattern or practice as required to show deliberate indifference on behalf of the Town and impose liability under Monell. See Bixby v. Town of Rehoboth, No. 23-cv-10334-MPK, 2024 WL 4979147, at *9 (D. Mass. Dec. 4, 2024) (concluding that plaintiff had failed to allege a Monell

claim against the Town because evidence of a single incident of a constitutional deprivation is insufficient to establish a municipal custom); Lucien-Calixte v. David, 405 F. Supp. 3d 171, 179 (D. Mass. 2019) (dismissing § 1983 claim against the Town because plaintiff's allegations failed to sufficiently to allege that police officer acted pursuant to a municipal policy or custom). Moreover, Felix's conclusory allegations that the Town Manager's statements "vilified" him in 2017 and Town Manager, Murphy, "slandered" the plaintiff by justifying Donnelly's conduct also do not allege a plausible policy or custom of the Town. See Winfield v. Town of Andover, 305 F. Supp. 3d 286, 297 (D. Mass. 2018) (dismissing Monell claim because plaintiffs failed to identify a municipal policy or custom and failed to show the causal link between the policy or custom and their injury). For all these reasons, the Court grants Defendants' motion for judgment on the pleadings as to the Town on this basis as well.

## VI.    Conclusion

For all the aforementioned reasons, the Court ALLOWS Defendants' motion for judgment on the pleadings, D. 36. The Court DENIES Felix's motion for a cease and desist order, D. 45, and DENIES as moot Felix's motion for oral argument, D. 46.

**So Ordered.**

/s Denise J. Casper
United States District Judge

10